[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs move for summary judgment in this foreclosure CT Page 2935-K action. The amended complaint alleges that the plaintiffs lent to the defendants $55,000, which loan was memorialized by a promissory note and secured by a second mortgage encumbering a piece of realty known as 44 Bradford Corner Road, Woodstock. The complaint further alleges that the defendants failed to pay any of the monthly installment due on the loan on and after May 5, 1993; that the defendants failed to keep the property insured in breach of the mortgage agreement; that the defendants failed to pay property taxes in breach of the agreement; and that, in light of these breaches, the plaintiffs accelerated payment of the debt. The plaintiffs claim they are owed $51,303.98 in principal, interest, late charges, and charges for insurance premiums, real estate taxes, costs, expenses, and attorney's fees.
The defendants have filed an answer denying that any money is owed to the plaintiffs. The defendants also allege, in a first special defense, full payment of the note; in a second special defense, that the plaintiffs violated the Truth in Lending Act; in a third special defense, that the mortgage was void because the plaintiffs breached a fiduciary duty owed to the defendants; in a fourth special defense, that the mortgage was reinstated CT Page 2935-L after any delinquencies were paid in full; in a fifth special defense, that the note was usurious; in a sixth special defense, that the plaintiffs violated an implied covenant of good faith and fair dealing; and, in a seventh special defense, a violation of C.G. § 42a-3-104(a) concerning good faith with respect to negotiable instruments. The defendants also filed a six count counterclaim which parallels the allegations set forth in the special defenses as well as a violation of the Connecticut Unfair Trade Practices Act (CUTPA). The defendants claim rescission, a refund of sums previously paid, a voiding of the mortgage, a declaratory judgment, actual and punitive damages, attorneys fees, and costs.
"Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Busconi v. Dighello,39 Conn. App. 753, 761 (1995). The moving party bears the burden of proving the absence of dispute as to a material fact, but the party opposing the motion must establish a factual predicate from which a determination of genuine controversy of material fact can be made. Id., 762. In other words, the mere presence of an adverse CT Page 2935-M claim is insufficient to defeat the motion. Id.
 I
The court has reviewed and analyzed the information contained in the affidavits and other documents submitted by the parties and determines that a genuine issue of material fact exists as to whether the defendants have paid or tendered payment of the mortgage debt in full upon demand. Therefore, the plaintiffs' motion for summary judgment is denied as to the complaint and the defendants' first and fourth special defenses and the second count of the counterclaim which are grounded on the purported payment of this debt.
 II
In the second special defense and the first count of the counterclaim, the defendants base their contentions on an alleged violation of the federal Truth in Lending Act, 15 U.S.C. § 1635, and Regulation Z, 12 C.F.R. § 226.23, which, if applicable, would entitle the defendants to rescind the mortgage CT Page 2935-N agreement. The plaintiffs correctly point out that there is no genuine issue of material fact with regard to the applicability of the Act and Regulation Z to the transaction in the present case.
The Truth in Lending Act rescission provision pertains to transactions involving "creditors". 15 U.S.C. § 1635(a) and (b). The Act defines "creditor" to mean, in pertinent part, "only . . . a person who . . . (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required". 15 U.S.C. § 1602(f).
Regulation Z, 12 C.F.R. § 226.23 similarly pertains only to "creditors" and defines that term to mean a "person . . . who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than 4 installments". 12 C.F.R. § 226.2(a)(17)(1)(A). Footnote 3 to this definitional section indicates that "a person regularly extends consumer credit only if it extended credit more than 25 times (or more than 5 times for transactions secured by a CT Page 2935-O dwelling) in the preceding calendar year."
The court's analysis of the affidavits and documents proffered by the parties clearly establishes that there exists no genuine factual controversy that the plaintiffs' conduct falls outside of these definitions of "creditors". The plaintiffs have extended credit in fewer cases than the threshold number required. Consequently, as a matter of law, the Truth in Lending Act and Regulation Z are inapplicable to the mortgage agreement in the present case. Summary judgment is granted in favor of the plaintiffs as to the second special defense and the first count of the counterclaim.
 III
The defendants' third special defense and the fourth count of the counterclaim assert that the plaintiffs owed a fiduciary duty to the defendants which the plaintiffs breached. Specifically, the defendants contend that Attorney Steven Tomeo, a nonparty but husband of one of the plaintiffs, represented the defendants in their effort to stave off foreclosure of a first mortgage CT Page 2935-P encumbering the property. They claim that they attempted to arrange for financing to accomplish that goal, but the prospective lender refused to permit Attorney Tomeo to represent the defendants should that financing go forward. The defendants aver that Attorney Tomeo then suggested that he could provide a loan to the defendant through his own mortgage business. The defendants agreed to this proposal. The defendants further claim that Attorney Tomeo represented the plaintiffs and defendants at the closing of the second mortgage. The defendants argue that these activities by Attorney Tomeo created a fiduciary relationship between the plaintiffs and the defendants.
An examination of the documents submitted reveals no genuine issue of fact material to whether the plaintiffs owed a fiduciary duty to the defendants. Attorney Tomeo's actions created no such duty on the part of the plaintiffs even viewing the information submitted favorable to the defendants. The information discloses no bases for concluding that the plaintiffs cloaked Attorney Tomeo with actual or apparent authority to form a fiduciary relationship on their behalf with respect to the defendants' refinancing efforts. The motion for summary judgment is granted CT Page 2935-Q in favor of the plaintiffs as to the third special defense and the fourth count of the counterclaim.
 IV
The fifth special defense alleges that the loan secured by the second mortgage in question was usurious. Our usury prohibition is found in C.G.S. § 37-4 to § 37-9. Section37-9(3) expressly exempts mortgages on real estate over $5,000 from the interest rate maximum allowed in § 37-4. That the mortgage loan in the present case was for more than $5,000 and encumbered realty is undisputed. Summary judgment may enter in favor of the plaintiffs as to the fifth special defense.
 V
The sixth special defense and the third count of the counterclaim are based on a claim that the plaintiffs breached an implied covenant of good faith and fair dealing. This breach is the aggregation of the allegations set forth in the second, third, fourth, and fifth special defenses. The court has already CT Page 2935-R entered summary judgment against the defendants as to the second, third, and fifth special defenses. The fourth special defense is premised on previous payment of the mortgage debt. To the extent the breach of good faith and fair dealing is confined to the same claims contained in the fourth special defense, the motion for summary judgment is denied as to the sixth special defense and the third count of the counterclaim.
 VI
The seventh special defense and the fifth count of the counterclaim allege that the promissory note in question is a negotiable instrument entitling the defendants to certain protections under C.S. § 42a-1-203. The term "negotiable instrument" is defined in G.S. § 42a-3-104(a). This definition includes a provision that the promise to pay a "fixed amount" is payable to bearer or to order at the time it is issued or first comes into possession of a holder. § 42a-3-104(a)(1). The agreement in question indisputably lacks language making the note payable to bearer or order as defined by G.S. § 42a-3-103(a)(6). CT Page 2935-S
The court rules, as a matter of law, that the mortgage note in the present case is not a negotiable instrument. Summary judgment may enter for the plaintiffs as to the seventh special defense and the fifth count of the counterclaim.
 VII
The sixth count of the counterclaim alleges that the combination of conduct alleged under the first through fifth counts of the counterclaim constitutes an unfair trade practice in violation of CUTPA. As indicated above, the only genuine issue of material fact in dispute centers on whether the defendants paid the plaintiffs all that was then owed. This claim essentially is one asserting that the bringing of a foreclosure action despite the currency of payment by the mortgagor is an unfair trade practice.
The filing of a nonsham lawsuit cannot form the basis of a valid CUTPA claim. Suburban Restoration Co., Inc. v. ACMAT,700 F.2d 98, 102 (2d Cir. 1983); Field v. Kearns, Superior Court, CT Page 2935-T Fairfield J.D., d.m. CV93-301282 (March 31, 1993); CNB v. Mase,3 Conn. L. Rptr. 285, 286 (1991); Abrams v. Knowles,3 Conn. L. Rptr. 9, 11 (1990). The factual issue of whether the foreclosure action is groundless, however, appears to be in dispute in the present case. The motion for summary judgment is denied as to the sixth count of the counterclaim but only as to the issue regarding payment as the basis for the claim of a sham action.
In summary, the plaintiffs' motion for summary judgment is denied as to the complaint, the first and fourth special defenses, and the second and sixth counts of the counterclaim to the extent these claims are founded on nondelinquent payment only. The motion is granted with respect to all the remaining special defenses and counts of the counterclaim.
Sferrazza, J.